## BLUE STAR AUTO STORES, Inc., v. FLEMING et al.

## DOUGLAS AUTO PARTS, Inc., v. SAME.
### Nos. 8769, 8770.

District Court of the United States for the District of Columbia.
Feb. 24, 1941.

Wilhartz & Hirsch, of Chicago, Ill., and Morris, KixMiller & Baar, of Washington, D. C., for plaintiff.

Gerard D. Reilly, Sol., of Washington, D. C., and Robert L. Stern, Sp. Asst. Atty. Gen., for Department of Labor.

BAILEY, Justice.

Treating the plaintiff's affidavit as stating the true facts wherever there is any contradiction by those of the defendants, I do not find that any justiciable controversy exists between the plaintiffs and the defendants. In the Douglas Auto Parts case, the chief incident relied upon by the plaintiff is the O'Malley letter, wherein he, as Regional Director, wrote to the plaintiff, inter alia, "A copy of this communication has been placed in the file in your company in our office and is considered by the Wages and Hour Division as evidence that you have been informed regarding the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Therefore any violations occurring after the receipt of this letter may be considered as wilful and subject to necessary action under the law." In this and in the conversations with Elson there is no threat. Elson had no authority to prosecute, and there is nothing to show that the Administrator had been requested

to take action or that he contemplates taking action against the plaintiff.

There is even less to show the existence of a justiciable controversy in the Blue Star case.

The press releases and bulletins are not sufficient to show a justiciable controversy. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L. Ed. 688.

It may be added that if any real threat or prosecution should arise it can be disposed of much better at the residence of the plaintiffs.

The motions of the defendants for summary judgments should be sustained.